# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50879
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRE MORENO O'BRIEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-142-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Andre Moreno O'Brien was convicted of one count each of felon in possession of a firearm, possession of an unregistered firearm, making a firearm without approval, and possession of a firearm without a serial number. He was sentenced to serve 100 months in prison and a three-year term of supervised release. Now, he challenges the district court's denial of his motion to suppress, arguing that police did not have reasonable suspicion to stop him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he did not bear a sufficient resemblance to the man for whom they were looking.

On an appeal from the denial of a suppression motion, the district court's factual findings are reviewed for clear error. *United States v. Wise*, 877 F.3d 209, 215 (5th Cir. 2017). A factual finding is clearly erroneous if review of the record leaves the "definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted). The evidence presented at a pre-trial hearing on a motion to suppress is viewed in the light most favorable to the prevailing party and should be affirmed "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (internal quotation marks and citation omitted). Conclusions of law resulting from factual findings, however, including whether reasonable suspicion existed for a stop, are reviewed de novo. *United States v. Inocencio*, 40 F.3d 716, 721 (5th Cir. 1994).

Our review of the record shows no clear error in the district court's factual determination that O'Brien bore a sufficient resemblance to the man described by two women who reported disturbances in the area. *See Wise*, 877 F.3d at 215. Moreover, O'Brien has not shown error in the district court's ultimate finding that the officers had reasonable suspicion for the stop. The district court found that the reports of the two callers—one reporting a verbal altercation with a man and another reporting a man following her car in the same area—created the reasonable suspicion that the man identified by the callers was wandering about the area potentially seeking to commit a crime. We agree. Accordingly, the judgment of the district court is AFFIRMED.